Mr. Justice Montgomery
delivered the opinion of the Court:
The defendants come to this court alleging error in the charge of the trial justice. Mr. Fay has sued upon a $100 check, payable to bearer, drawn May 30, 1884, by James Anglim & Co., a firm composed of the two defendants, upon “ Middleton & Co., bankers,” in this city. The declaration counts upon the check and the common counts in assumpsit are added.
On the trial the plaintiff testified that on the 24th day of May, 1884, he met the defendant, Mr. Lowdermilk, and requested him to cash a $200 check, which he, the plaintiff, had with him, payable to his order, and drawn by some third party on a New York bank; that Mr. Lowdermilk replied that he did not have enough money, but upon being assured by the plaintiff that he “ did not need more than fifty dollars that day and could wait for the balance,” said he could arrange it for him. The plaintiff then and there indorsed the $200 check and gave it to Mr. Lowdermilk, who deposited it in Middleton & Company’s bank to the *217 credit of defendant’s firm, and thereupon gave him (plaintiff) the firm check on the same bank for $50. That plaintiff called on Mr. Lowdermilk three days later “and requested $50 more on account of said check, which was accordingly given him.” And that he again called on May 30, Decoration Day, and Mr. Lowdermilk gave him the check in suit, at the same time saying, “he did not know whether the $200 check had been collected by the bank or not, * * * but supposed it was all right.” That this day being a holiday and the bank closed, plaintiff next day went and presented his $100 check, “ and found that the bank had closed its doors, having-made an assignment for the benefit of its creditors.” That plaintiff kept no bank account of his own, and that defendants undertook what they did gratuitously and “as a matter of friendly accommodation.”
The defendant, Lowdermilk, testified that Mr. Fay requested him to deposit the check in his, Lowdermilk’s bank, and to “let-him have fifty dollars on account until the money could be obtained on said check through Middleton & Company’s bank.” To which he, Lowdermilk, agreed, and at the same time gave plaintiff a $50 check on the same bank; that the defendants took the $200 check indorsed by the plaintiff, “and deposited it with said Middleton & Company for collection,” to the credit of his firm; that on the 27th of May plaintiff called and asked if the $200 check had been heard from, and upon being informed that Mr. Lowdermilk “ did not know whether it been collected or not, but supposed it was all right,” the plaintiff replied, “that he only needed fifty dollars on that day, and that much would suffice until the check was heard from; whereupon $50 more was given plaintiff;” that defendants were not in the banking or discount business, and that “ when the said bank of Middleton & Company failed, witness and his firm were both losers, having money on deposit there.”
*218 In all other material respects Mr. Lowdermilk’s evidence substantially corroborated that of Mr. Fay. No other witness was sworn, and the bill of exceptions asserts that it contains “ all the evidence offered.” The court below instructed the jury that if satisfied from the evidence that the plaintiff deposited the $200 check with the defendants to be collected for him ; that they deposited it with Middleton & Co. in their (firm) name for their collection ; that it was placed to their credit; that it was collected and that defendants suffered it to remain “to their own credit with Middleton & Co., and afterwards gave the $100 check for the balance, 'which check was presented, dishonored, and defendants duly notified on the day of such dishonor, then the plaintiff was entitled to recover. To this instruction the defendants duly excepted.
It is not impossible that the undisputed facts as proven at the trial, or as they in fact existed, may have fully warranted this instruction. But the question for our determination is, whether assuming that all the evidence is stated in the bill of exceptions, the charge is or is not correct. No testimony was offered as to when the bank actually assigned or closed its doors, whether before or after the $100 check was given, nor whether it was open at all on May 31, nor as to the condition of defendant’s bank account at any time after they received and deposited the $200 check, nor that they drew any checks upon Middleton & Co., except those given to Mr. Fay, on or after May 24, nor that they in any manner used or interfered with their credit after such deposit.
Nor is it shown that defendants were ever notified until suit of the dishonor of their check. On the other hand there is evidence tending to show that the defendants undertook what they did without charge and for plaintiff’s accommodation. That Mr. Fay requested Mr. Lowdermilk to deposit the $200 check in their (defendant’s) bank “ and let him have $50 on account until the money could be ob *219 tained on the check ” through defendant’s bank. That plaintiff knew where the check was deposited and offered no objection to it. That when the second $50 was paid him plaintiff stated that the same would “ suffice until the check was heard from.” In other words the testimony of Mr. Lowdermilk tends to show that he simply undertook, at plaintiff’s request, to gratuitously collect the $200 check for him and in a way which he, plaintiff, suggested; that the collection was made through the agency to which both had agreed and the money was thereafter lost by failure of the agent and without the fault or negligence of the defendants, and for aught that appears in the- record before the plaintiff called and got the $100 check.
Upon the record, as we find it, we feel compelled to declare that the testimony did not justify the instruction that was given, and therefore the judgment must be reversed and a new trial ordered.